# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CHARLES JASON LIVELY,

    Plaintiff,

v.            CIVIL ACTION NO. 2:17-cv-03760

WARDEN DAVID BALLARD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's "Second Motion for an Order of Constru[c]tive Service by Publication, or Alternatively, the Provision of Identifying Information for Defendant Underwood, and to Extend Time for Service on Defendant Underwood." (ECF No. 34.) For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**, and the Court further **ORDERS** that Plaintiff is authorized to serve Defendant Underwood by publication.

Plaintiff originally filed a motion on October 30, 2017, for additional time to effect service on two Defendants in this case, (ECF No. 17), along with a motion for order of publication, (ECF No. 18). The Court granted the first motion, extending the deadline for service as to those Defendants to February 1, 2018. (ECF No. 20.) The Court further denied without prejudice the motion for order of publication "with the understanding that Plaintiff may need to refile it after the additional time has run." (*Id.*) During the extended period, Plaintiff effected service on one of the two Defendants, but Plaintiff still was unable to serve Defendant Justin Underwood ("Underwood"). The pending motion requests the Court to direct the Clerk to enter an order of

service by publication and, alternatively, to order the West Virginia Division of Corrections ("DOC") to provide identifying information for Underwood to aid in effecting service. (*See* ECF No. 34 at 1–2.)

According to Federal Rule of Civil Procedure 4(e),

an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

West Virginia Rule of Civil Procedure 4(e)(1) provides for service by publication if the plaintiff first files an affidavit stating "[t]hat the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect." In this context, "'[d]ue diligence' means the exercise of a reasonable effort to locate a person's residence so that notice . . . may be provided." *Cook v. Duncan*, 301 S.E.2d 837, 841 (W. Va. 1983) (citation omitted).

Plaintiff has submitted an affidavit from his counsel in support of the request to serve Underwood by publication. (ECF No. 34-1 (Milnes Aff.).) Plaintiff's counsel attests that she began her search for Underwood's individual addresses via google.com, peekyou.com, Facebook, and Westlaw. After identifying several possible individuals with Underwood's first and last name, the results were narrowed to two possibilities. An initial summons was sent the day after the amended complaint was filed in this case, but it was returned unexecuted as it was the wrong "Justin Underwood." A second summons was issued by the Court to another address, but it also was returned unexecuted as the house was vacant. Plaintiff subsequently attempted to acquire Underwood's last known address from the DOC, but the provided information involved a bad address.

Ms. Milnes' affidavit persuades the Court that Plaintiff has used due diligence to ascertain Underwood's whereabouts. Accordingly, Plaintiff's motion to serve Underwood by publication, (ECF No. 34), is **GRANTED IN PART** insofar as it requests an order of constructive service on Underwood and an extension of the time for service by publication to occur and **DENIED IN PART** insofar as it requests an order directing the DOC to provide to Plaintiff's counsel certain identifying information for Underwood. The Court will enter a separate Order of Publication reflecting the above ruling.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 26, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE